```
           IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF COLUMBIA

NATIONAL TREASURY EMPLOYEES UNION  )
1750 H Street, NW                  )
Washington, DC 20006               )
                                   )
       Plaintiff,                  )
                                   )
       v.                          )   Civil Action No._____
                                   )
TRANSPORTATION SECURITY            )
ADMINSITRATION                     )
601 South 12th Street              )
Arlington, VA 22202-4220           )
                                   )
       Defendant.                  )
_____)
```

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, <u>as amended</u>, to secure the release of records responsive to the June 7, 2007 FOIA request that the National Treasury Employees Union (NTEU) submitted to the Transportation Security Administration (TSA). The FOIA request seeks non-exempt records related to the annual proficiency review tests that all Transportation Security Officers (TSOs) must pass in order to establish their continued proficiency in performing screening functions.

NTEU is a labor organization representing TSOs at John F. Kennedy International Airport, LaGuardia Airport, and Hartsfield-Jackson Atlanta International Airport. NTEU seeks these records because it is investigating whether the annual

proficiency review tests are valid indicators of TSO proficiency, consistent with the requirements of 49 U.S.C. § 44935 and other applicable laws, including Title VII of the Civil Rights Act of 1964, as amended. See 42 U.S.C. § 2000e.

There is a clear public interest in NTEU's efforts to evaluate the validity and legality of the annual proficiency review tests. Because employment decisions are based on how TSOs perform on the proficiency tests, it is important for the public to have confidence that the tests accurately depict whether employees possess the skills necessary to perform the important security functions for which they are responsible. The records that NTEU is seeking to obtain through this lawsuit will allow it to assess the value of the annual proficiency review tests.

## JURISDICTION

1. This Court has jurisdiction over this cause of action under 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B), because this is an action to enforce the requirements of FOIA.

## VENUE

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

3. The National Treasury Employees Union (NTEU) is an unincorporated association with its principal place of business

at 1750 H Street, NW, Washington, DC 20006. Pursuant to Title VII of the Civil Service Reform Act, Public Law No. 95-454, 92 Stat. 1111, NTEU is the exclusive bargaining representative of approximately 150,000 federal employees. NTEU also represents several hundred TSOs employed at John F. Kennedy International Airport, LaGuardia Airport, and Hartsfield-Jackson Atlanta International Airport.

4. Defendant Transportation Security Administration (TSA) is a federal agency within the Department of Homeland Security. It has possession and control over the records that NTEU seeks.

## STATEMENT OF FACTS

5. By letter dated June 7, 2007 (attached), NTEU requested that TSA produce 6 categories of records related to its annual proficiency review tests. Among the records sought were TSA management directives, job analyses and validation studies, work papers on the appropriate passing cut score, adverse impact statistics, and information about contractors participating in the development or administration of the annual proficiency review tests.

6. NTEU received a letter from TSA dated June 25, 2007, acknowledging receipt of its FOIA request and assigning it an identification number (TSA07-0661). The letter noted that TSA's goal is to respond to FOIA requests within 20 business days of

their receipt, but that TSA would invoke the 10-day extension provided by FOIA if the request is voluminous.

7. NTEU counsel received an electronic mail message on February 15, 2008, from a TSA FOIA Specialist named Dwight M. Jones. That message indicated that TSA was still working on a response to a request. Previous phone calls placed to TSA by NTEU counsel elicited a similar response.

8. NTEU counsel responded to the electronic message on February 20, 2008, advising Mr. Jones that NTEU would pursue legal remedies to compel production of the requested records if TSA did not produce them within 30 days.

9. TSA has not engaged in any further communications with NTEU about this matter.

10. TSA has failed to produce any records responsive to NTEU's June 7, 2007 FOIA request.

11. More than 20 working days have passed since NTEU submitted its FOIA request on June 7, 2007.

12. TSA did not advise NTEU that it was invoking the 10-day extension of the response deadline provided for in FOIA. But even if it had, that deadline has since passed, too.

13. Because NTEU has not received a response to its FOIA request and because the deadline for a response has long since passed, NTEU has exhausted its administrative remedies.

14. NTEU has a statutory right to disclosure of the records requested in its June 7, 2007 FOIA request to TSA, and there is no legal basis for TSA's failure to respond to NTEU's request or for its failure to produce the requested records within the statutory deadline.

## CAUSE OF ACTION

15. Plaintiff reasserts and incorporates herein the allegations set forth in paragraphs 1 through 14.

16. Under 5 U.S.C. § 552(a)(3), TSA must produce, upon request, records not specifically exempted by FOIA or for which disclosure is not otherwise prohibited by law.

17. NTEU has requested records that are not specifically exempted by FOIA and for which disclosure is not otherwise prohibited by law. TSA's failure to respond to NTEU's request and its failure to produce the requested records violates FOIA.

## REQUEST FOR RELIEF

WHEREFORE, plaintiff NTEU respectfully requests that this Court:

(1) Declare that TSA's failure to release the records requested by NTEU is unlawful;

(2) Order TSA to make the requested records available to NTEU;

(3) Award NTEU its costs, reasonable attorneys' fees and expenses, and other disbursements in this action; and

5

(4) Grant any additional appropriate relief.

Respectfully submitted,

*GREGORY O'DUDEN*
General Counsel
DC Bar No. 254862

*ELAINE KAPLAN*
Senior Deputy General Counsel
DC Bar No. 292441

*L. PAT WYNNS*
Associate General Counsel for
Appellate Litigation
DC Bar No. 257840

*ROBERT H. SHRIVER, III*
Assistant Counsel
DC Bar No. 456858

NATIONAL TREASURY EMPLOYEES UNION
1750 H Street, NW
Washington, DC 20006
(202) 572-5500

Date: 4/17/2008

Counsel for Plaintiff NTEU

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
National Treasury Employees Union

## DEFENDANTS
Transportation Security Administration

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Washington, DC
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Gregory O'Duden
National Treasury Employees Union
1750 H Street, NW
Washington, DC 20006
(202) 572-5500

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ⊙ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
5 U.S.C. § 552. Challenge to TSA's failure to produce records related to its annual proficiency reviews for Transportation Security Officers.

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    Check YES only if demanded in complaint
JURY DEMAND:    YES ☐    NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE 4/17/08    SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.